UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                   :

KENDRA JACKSON,                            :

                    Plaintiff,           :

                                     :          25-CV-07452 (JAV)

  -v-                               :

                                     :          <u>ORDER</u>

COMMISSIONER OF SOCIAL SECURITY,    :

                                     :

                    Defendant.       :

                                     :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

By order dated January 5, 2026, the Court required Plaintiff to submit a brief in support of her dispositive motion by January 21, 2026.  ECF No. 14.  Because Plaintiff failed to file the required brief, the Court issued an Order requiring Plaintiff to show good cause in writing as to why this case should not be dismissed for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.  ECF No. 16.  That Order was mailed to Plaintiff but returned by the Postal Service as undeliverable.

Upon a comparison of the docket and the Complaint filed by Plaintiff, the Court ascertained that the  docket had listed an incorrect mailing address for Plaintiff.  The Court instructed the Clerk of Court to correct Plaintiff's address on the docket, and mail the relevant orders in this case to Plaintiff at her correct address.  Defendant also filed a certificate of service indicating that the administrative record had been served on Plaintiff at the address listed in her pleading on May 23, 2026. ECF No. 18.  Plaintiff was ordered to file a letter with this Court by **June 9, 2026**, confirming that she has received these filings.  Plaintiff has failed to do so.

The Supreme Court and the Second Circuit have long recognized that federal courts are

vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251.  In determining whether dismissal is appropriate, the Court must assess whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Court has not received any communications with Plaintiff since this case was initiated on September 8, 2025.  Although part of failure in communication may be due to the erroneous mailing address, this issue has since been corrected.  Plaintiff has been provided with the Order to Show Cause, and notified of her failure to timely file a brief, and yet Plaintiff has still not made any effort to resume prosecution of this matter.  Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 23, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2